## Kund v. Fort Bedford Inn Co. et al.

*Paul A. Koontz*, for petitioner.

*Reiley & Reiley*, for respondents.

WRIGHT, P. J., October 26, 1942.—This is a mandamus proceeding. In a previous equity suit, Risser et al. v. Fort Bedford Inn Company et al., C. P. of Bedford County, September term, 1942, no. 1, the court entered a consent decree based upon an agreement of the stockholders, which decree contained inter alia the following provisions:

"That all parties to this suit and Agreement are not to interfere in any way, by voting or otherwise, at any Shareholders meeting, with the re-election and continuing in office of the Board of Directors, provided for in this Decree, from year to year, during the duration of the war and for the period of one year thereafter . . ."

Madelyn Smith Higgs, one of the stockholders, subsequently assigned her stock certificate to Joseph J. Kund. The present officers of the Fort Bedford Inn Company refused to issue a new certificate without attaching a condition in the above-quoted language from the consent decree. Unwilling to accept the certificate with such condition attached, Joseph J. Kund obtained a writ of alternative mandamus. Defendants filed a return, to which plaintiff demurred, and the court must now decide whether the peremptory writ shall issue.

Plaintiff's contention is that the agreement which was executed by Madelyn Smith Higgs and upon which the consent decree was entered was personal only and does not bind her assignee, and, secondly, that it did not limit or restrict the transfer of her stock. Plaintiff frankly admits that his case is grounded upon the failure of counsel to use the words "heirs or assigns," or to provide for the earmarking of stock certificates when the agreement and consent decree were being

prepared. We are not inclined to favor such a technical position.

A mandamus proceeding is equitable in nature: Sinking Fund Commissioners of Philadelphia v. Philadelphia et al., 324 Pa. 129; and the court has a large discretion in determining when the writ shall issue: Commonwealth ex rel. v. Mathues, 210 Pa. 372. The consent decree in the previous equity action incorporated the agreement of the parties not to interfere in any way by voting or 'otherwise. In attempting to transfer her stock, Madelyn Smith Higgs is in a sense otherwise interfering. The intention or result of such transfer, if unrestricted, may be to place Joseph J. Kund in position to do indirectly what Madelyn Smith Higgs could not do directly, whereas he should not be permitted to occupy a better position. It seems to us that the entry of the consent decree created an equitable encumbrance and that as a matter of inherent fairness the earmarking of stock certificates was a necessary implication from the consent decree, although not expressly provided for therein: Fidelity & Deposit Co. of Maryland v. Hunt, 107 F. (2d) 42.

Plaintiff cites section 15 of the Uniform Stock Transfer Act of May 5, 1911, P. L. 126, but we do not feel that this act is applicable to the present situation. It does not purport to make the bare possession of a stock certificate endorsed in blank legal ownership for all purposes, nor does it require a corporation to recognize such possessor as owner regardless of its knowledge of existing equities: Leff v. N. Kaufman's, Inc., et al., 342 Pa. 342. Hence the following

### Decree

Now, to wit, October 26, 1942, upon consideration of the foregoing case, it is ordered, adjudged and decreed that judgment be and hereby is entered in favor of the respondents, refusing the mandamus with costs.